[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings his complaint in three counts. In Count I, he seeks the return of a security deposit on a lease, and CT Page 6523 alleges refusal to do so constitutes a CUTPA violation. Count II alleges that a portion of the deposit constituting a security deposit was offered to the plaintiff by the defendant but without the interest required by Section 47a-21 (d). C.G.S. Count III alleges that the defendant is barred from collecting rent because of a lack of a certificate of compliance from the Housing Department of the City of Meriden. Prior to trial, the plaintiff withdrew Count II, and the court rendered summary judgment in Count III in favor of the defendant.
The plaintiff offered the following testimony. In October 1990 he contacted the defendant concerning the leasing of an apartment. An agreement was reached as to a unit at 12 Crescent Street in Wallingford. On October 19 1990, the plaintiff came to the office of the defendant and signed the lease which called for a security deposit of $975. On the same day, the plaintiff tendered a check for said sum to the defendant. The plaintiff and defendant had discussed the installation of new carpeting, but when he received the check, the defendant then told the plaintiff that he would not install the new carpeting. Being dissatisfied, the plaintiff never took occupancy, and never paid any rent. On November 20, 1990, the defendant sent a letter to the plaintiff stating that the lease was terminated for failure to pay rent and returning $325, being the balance of the security deposit above the rent for November.
The defendant offered testimony to the effect that the plaintiff never raised the issue of carpeting; but that he signed the lease, paid the security, but never picked up the keys.
It is undisputed the lease in evidence contains no reference to any improvements to be made. A lease is a contract. Welk v. Bidwell, 136 Conn. 603, 606. The lease provides in Par. 17. "Tenant Takes `as is'. I (Tenant) shall take the Apartment as is except that you (Landlord) shall do the work set forth." Par. 24 of the lease reads, "Work to be Done By Landlord:" and is blank after the caption. Par. 20 "No Representations." reads "I (Tenant) have read this lease. All promises made by you (Landlord) are in this lease. There are no others."
"It is, of courser fundamental, as a matter of substantive law, that the terms of a written contract which is intended by the parties to set forth their entire agreement may not be varied by parol evidence." Maier v. Arsenault, 140 Conn. 364,368. Evidence offered to vary the written terms, even if admitted, may not be considered by the court. Greenwich Plumbing Heating, Co. v. A. Barbaresi Son, Inc., 147 Conn. 580, 589.
Section 47a-21 (d) of the General Statutes requires any landlord to return to a tenant, upon termination of a tenancy, the CT Page 6524 amount of any security deposit less the value of any damages suffered as a result of the tenant's failure to comply with his obligations. In this instance, it is undisputed that the plaintiff did not pay the rent reserved. The defendant was damaged thereby; to the extent of the loss of a month's rental income; and was entitled to retain such sum from the security deposit. It is likewise undisputed that the defendant tendered the balance of the security deposit to the plaintiff by mail on November 20, 1990.
The plaintiff has failed to establish any delict on the part of the defendant under the remaining count.
Judgment may enter for the defendant.
BURNS, J.